Wardlaw, J.
delivered the opinion of the Court.
When an agent is sued for negligence, whether in assump-sit for breach of contract, or in case for violation of duty, the gist of the action is the negligence, and the Statute of Limitations begins to run from the time of the negligence, and not from the time of the loss thereby occasioned. The cause of action accrued when the contract was broken by the nonperformance of the act undertaken, or the duty which had been incurred was violated. Subsequent loss, actually induced, is only the development by time of what, with a full knowledge of all circumstances, might before have been foreseen and calculated. See Angell on Limitations, 188; Thomas v. Ervin, Cheves, 22; Clark v. Reeder, 1 Spears, 405; 2 Carr and Payne, 238, and the cases cited in these. A contrary rule would be wholly unsafe; for the evidence which a defendant, at the time the negligence is charged to have taken place, had to resist the charge, may be lost before the damage ensues which the plaintiff would show.
In the case before us it was only as evidence of their loss, indeed only as evidence of James Lynah’s refusal to pay, notwithstanding an irregular protest, that it was material for the plaintiff's to show their failure to recover from James Ly-nah: the cause of that failure could not have appeared from the record of their suit against him: against the Bank that record could have been conclusive of nothing more than that they had failed. When the Bank gave the irregular notice it became liable to the plaintiffs; that they did not know of this, brings them within no exception to the Statute of Limita *346 tions. If they had then sued, they would, by showing that the indorser had been discharged through the negligence of the Bank, have recovered all that they could recover if they were allowed to proceed now. The case would have been the same then as now — the law the same, the proof somewhat more difficult.
The motion is dismissed.
Richardson, J. O’Neall, J. Evans, J. and Frost, J. concurred.

Motion refused.